UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br>　　　　Plaintiff,<br>　　v.<br>N.D. CAL,<br>　　　　Defendant. | Case No. 17-cv-06979-WHO (PR)<br><br>**ORDER OF DISMISSAL;**<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Dkt. Nos. 1, 3 |

　　　　Plaintiff Gary Dale Barger, aka Gary Francis Fisher, aka Sonny Barger, has failed to comply with the Court's order to (1) file a complete application to proceed *in forma pauperis* ("IFP"), or (2) pay the full filing fee of $400.00.  His IFP application lacks two necessary documents:  a Certificate of Funds completed and signed by an authorized prison officer, and a prison trust account statement showing transactions for the last six months.  Accordingly, the action is DISMISSED without prejudice for failing to respond to the Court's order, and for failure to prosecute, *see* Fed. R. Civ. P. 41(b).  Because this dismissal is without prejudice, Barger may move to reopen the action.  Any such motion **must** contain a complete IFP application, which includes the two documents mentioned above, **or** full payment for the $400.00 filing fee.  Barger's IFP application (Dkt. No. 3) is DENIED as insufficient.

　　　　Barger asks that I be disqualified from this case.  (Dkt. No. 1.)  He alleges that I have "capriciously" dismissed his suits; "he doesn't give me a chance," Barger says; he wishes to sue me, but is unable to; and he complains that the judgments I issued are void for want of jurisdiction.  (*Id.* at 1, 6.)

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. *Sibla*, 624 F.2d at 867.

Barger's allegations do not show that a reasonable person would conclude that my impartiality might reasonably be questioned. Bias or prejudice cannot be established on Barger's conclusory allegations. He provides no specific instance of a capricious dismissal, or any time he was not given a chance, or how my judgments are void for want of jurisdiction.

I have dismissed most of Barger's lawsuits because he repeatedly fails to meet the requirements the Court imposes on all filers: to pay the filing fee or to file a complete IFP

application. All litigants who file suit must pay the filing fee, or be granted IFP status, before an action can proceed. Barger's many prior suits in this Court (and in others) show that he understands what documents he must obtain and file to prosecute this action.

His suits have also been dismissed for failing to state a claim for relief. He has been placed on the National Pro Se Three-Strikes Database for repeatedly filing such cases. *See* http://nprose.circ9.dcn/Litigant.aspx. This Court has found that he has filed at least six such suits outside the Northern District:

(1) *Fisher v. FBI*, No. 1:13-cv-0414 LJO SAB P (E.D. Cal. 2013) (dismissed for failure to state a claim);

(2) *Barger v. FBI*, No. 1:13-cv-0535 DLB P (E.D. Cal. 2013) (dismissed for failure to state a claim);

(3) *Barger v. Casey et al.*, No. 2:13-cv-8889 UA MAN P (C.D. Cal. 2013) (dismissed as frivolous, malicious and for failure to state a claim);

(4) *Fisher v. Bivens, Six Unknown Agents*, No. 2:14-cv-01439 UA MAN P (C.D. Cal. 2014) (dismissed for failure to state a claim);

(5) *Barger v. Hardy, et al.*, No. 2:15-cv-01373-VBF-MAN (C.D. Cal. 2015) (dismissed for failure to state a claim); and

(6) *Barger v. Tucker, et al.*, No. 2:15-cv-02464-VBF-MAN (C.D. Cal. 2015) (dismissed for failure to state a claim).

It is perhaps worth noting that I was not the judge on any of the six cases listed above.

Barger's motion to disqualify is DENIED. (Dkt. No. 1.)

The Clerk shall terminate Dkt. Nos. 1 and 3, enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 19, 2018

WILLIAM H. ORRICK
United States District Judge